J. S44036/19

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| WENDELL HALL, JR., | : | No. 358 WDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered September 20, 2018,
in the Court of Common Pleas of Beaver County
Criminal Division at No. CP-04-CR-0000087-2018

BEFORE:  SHOGAN, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　　FILED APRIL 01, 2020

Wendell Hall, Jr., appeals from the September 20, 2018 aggregate judgment of sentence of 60 days' imprisonment, followed by 6 months' probation, imposed after a jury found him guilty of habitual offenders, driving while operating privilege is suspended or revoked, and turning movements and required signals.[1]  Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with Anders v. California, 386 U.S. 738 (1967), Commonwealth v. McClendon, 434 A.2d 1185 (Pa. 1981), and their progeny.  After careful review, we quash this untimely appeal and dismiss counsel's petition to withdraw as moot.

The trial court summarized the relevant facts of this case as follows:

---

[1] 75 Pa.C.S.A. §§ 6503.1, 1543(b)(1), and 3334(a), respectively.

Officer Andrew Golletti testified that he saw a white GMC motor vehicle fail to use a turn signal when turning onto Ridge Road from Cascade Road in Monaca, Beaver County, Pennsylvania [on September 26, 2017]. Officer Golletti followed the vehicle and ran the registration through his computer system. Officer Golletti testified that, after he ran the registration, dispatch had told him that [appellant's] name was on the registration, and that [appellant's] driver's license was suspended for driving under the influence [("DUI")]. At this point, Officer Golletti observed the vehicle fail to use a turn signal a second time, and he conducted a stop of the vehicle. When Officer Golletti approached the stopped vehicle, the driver refused to give any information about his identity, so Officer Golletti ran [appellant's] name in his vehicle's computer system, JNET, and then he identified the driver as [appellant].

Next, Officer Golletti was presented with a twenty-two page document which he identified as the driving history of [appellant], which was certified with the official seal from PennDOT. This official driving record revealed that [appellant] had several violations, including numerous convictions for [DUI], reckless driving, and driving without a driver's license. Further, Comm[wealth] Exhibit 2, shows that on May 24, 2010, and on February 29, 2012, [appellant's] license was revoked for being a habitual offender. Officer Golletti testified that the information contained in [appellant's] driving history prompted him to charge [appellant] with the charges brought before this Court for trial.

Trial court opinion, 4/5/19 at 3-5 (footnotes, internal quotation marks, and extraneous capitalization omitted).

Appellant proceeded to a jury trial on May 15, 2018. At the commencement of trial, appellant objected to the appointment of counsel from the Beaver County Public Defender's Office, repeatedly indicating that he had

a Sixth Amendment right to be represented by his private counsel – first, Attorney Colafella,[2] and later Blaine Jones, Esq. (Notes of testimony, 5/15/18, at 6, 10, 22-23.) Following a short recess wherein the trial court contacted Attorney Colafella's office and confirmed that appellant was represented by neither Attorney Colafella nor any other private counsel, the trial court appointed C. Shawn Dryer, Esq., of the Beaver County Public Defender's Office ("Attorney Dryer") as standby counsel and appellant elected to represent himself. (Id. at 19-21, 30-33, 37; see also trial court order, 3/15/18.)[3] Following a two-day trial, appellant was ultimately found guilty of habitual offenders, driving while operating privilege is suspended or revoked, and turning movements and required signals on May 16, 2018.

A sentencing hearing was held on July 25, 2018, but was subsequently continued; Attorney Dryer was present at this hearing and acted as appellant's standby counsel. On September 11, 2018, Kurt J. Winter, Esq., of the Beaver County Public Defender's Office ("Attorney Winter"), entered his appearance on behalf of appellant. As noted, appellant was sentenced to an aggregate term of 60 days' imprisonment, followed by 6 months' probation,

---

[2] Attorney Colafella's first name is not indicated in the record.

[3] The record reflects that the trial court conducted a lengthy and painstaking colloquy at trial, in accordance with Commonwealth v. Grazier, 713 A.2d 81 (Pa. 1998), wherein it determined, after considerable indecisiveness on the part of appellant, that he intelligently, knowingly, and voluntarily waived his right to representation. (See notes of testimony, 5/16/18 at 22-34.)

on September 20, 2018.[4]  Although represented by counsel, appellant proceeded to file four pro se post-sentence motions on September 26, September 28, October 1, and October 3, 2018, respectively.[5]  On October 5, 2018, appellant sent pro se correspondence to the Beaver County Clerk of Courts indicating that he "do[es] not wish to be represented by [Attorney] Winter, [Attorney] Dryer[,] or any other of the Public Attorney as they create a conflict of interest" and "haven't [sic] sign him power of attorney over me."  (Pro se letter, 10/5/18 at 1-2.)

Thereafter, on January 25, 2019, the trial court filed an opinion and order denying appellant's September 28, 2018 pro se request for post-sentence relief and informing him that he had 30 days to file an appeal of that order.  (See trial court opinion and order, 1/25/19 at 2.)  On February 13, 2019, appellant filed a pro se notice of appeal "from the order entered in this matter on the 16th day of May, 2018" – the date of the jury verdict.  (Pro se notice of appeal, 2/13/19.)  Because appellant was still

---

[4] The record reflects that Attorney Dryer was present at the September 20, 2018 sentencing hearing and acted as appellant's standby counsel.

[5] See "Motion to Transfer Beaver County Jail Sentence to Intermediate Punishment Upon Drug and Alcohol Evaluation," 9/26/18; "Petition of Writ of Mandamus Relief Under 42 Pa.C.S.[A.] § 9760(1) to Modify Sentence to Time Served or Credit Served," 9/28/18; "Petition of Writ of Mandamus Relief 42 Pa.C.S.[A.] § 9760(1) to Modify Sentence to Time Served or Credit Served," 10/1/18; "Post Sentence Motion to Modify Sentence under 42 Pa.C.S.[A.] § 9760(1) to Time Serve[d] or Time Credit[ed]," 10/3/18.) The record indicates that the Beaver County Clerk of Courts noted these pro se motions on the docket and forwarded them to Attorney Winter and the Commonwealth's attorney, pursuant to Pa.R.Crim.P. 576(A)(4).

represented by Attorney Winter at this time, the Beaver County Clerk of Courts docketed this notice of appeal and forwarded it to counsel, pursuant to Pa.R.Crim.P. 576(A)(4). Shortly thereafter, on February 25, 2019, Attorney Winter filed a notice of appeal on appellant's behalf from the September 20, 2018 judgment of sentence. On March 1, 2019, the trial court directed appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). In lieu of filing a statement of his intention to file an Anders/McClendon brief,[6] Attorney Winters filed a timely Rule 1925(b) statement, raising the following issues on appellant's behalf:

> (i) The Commonwealth did not present sufficient evidence to prove beyond a reasonable doubt that [appellant] is guilty of the crimes alleged.
>
> (ii) [Appellant] argues that the weight of the evidence was not sufficient to prove beyond a reasonable doubt that [appellant] is guilty of the crimes alleged.

Rule 1925(b) statement, 3/22/19 at ¶ 5.

The trial court filed its Rule 1925(a) opinion on April 5, 2019. Thereafter, on May 21, 2019, Attorney Winters filed a petition and brief to withdraw from representation. Appellant did not respond to Attorney Winter's petition to withdraw.

---

[6] See Pa.R.A.P. 1925(c)(4) (stating, "In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an Anders/McClendon brief in lieu of filing a Statement.").

Prior to any consideration of Attorney Winter's Anders brief and his petition to withdraw, we must consider whether this appeal is timely. We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues sua sponte. Commonwealth v. Burks, 102 A.3d 497, 500 (Pa.Super. 2014). "Absent extraordinary circumstances, this court has no jurisdiction to entertain an untimely appeal." Id. (citation omitted). Pennsylvania Rule of Appellate Procedure 903(c)(3) requires that a defendant's notice of appeal be filed "within 30 days of the imposition of the judgment of sentence in open court." Pa.R.A.P. 903(c)(3). It is axiomatic that the "[t]ime limitations for taking appeals are strictly construed and cannot be extended as a matter of grace." Burks, 102 A.3d at 500 (citation omitted). Pennsylvania Rule of Criminal Procedure 720 states that a post-sentence motion must be filed within 10 days of the sentencing being imposed. Pa.R.Crim.P. 720(A)(1). When such a motion is timely filed, the Rule 903(c)(3) appeal period is tolled. Pa.R.Crim.P. at 720(A)(2). However, "[i]f the defendant does not file a timely post-sentence motion, the defendant's notice of appeal shall be filed within 30 days of imposition of sentence[.]" Id. at 720(A)(3).

Moreover, courts in this Commonwealth have repeatedly disapproved of the practice of hybrid representation. See, e.g., Commonwealth v. Ellis, 626 A.2d 1137 (Pa. 1993) (approving this court's refusal to consider counseled litigant's pro se brief); Commonwealth v. Pursell, 724 A.2d 293 (Pa. 1999)

(approving post-conviction court's refusal to consider issues raised in counseled appellant's pro se petition), cert. denied, 528 U.S. 975 (1999). This court has recognized that

> [i]n this Commonwealth, hybrid representation is not permitted. See Commonwealth v. Jette, [23 A.3d 1032, 1036 (Pa. 2011)] (concluding that a petitioner's pro se motion for remand when that petitioner is represented by counsel is impermissible as hybrid representation). Accordingly, this Court will not accept a pro se motion while an appellant is represented by counsel; indeed, pro se motions have no legal effect and, therefore, are legal nullities. See Commonwealth v. Nischan, 928 A.2d 349, 355 (Pa.Super. 2007) (discussing a pro se post-sentence motion filed by a petitioner who had counsel)[, appeal denied, 936 A.2d 40 (Pa. 2007).] When a counseled defendant files a pro se document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken. Moreover, a pro se filing has no tolling effect. See Pa.R.Crim.P. 576 [comment]. ("The requirement that the clerk time stamp and make docket entries of the filings in these cases only serves to provide a record of the filing, and does not trigger any deadline nor require any response.").

Commonwealth v. Williams, 151 A.3d 621, 623 (Pa.Super. 2016) (citations reformatted).

Here, appellant's four pro se post-sentence motions are legal nullities because he was represented by Attorney Winter at the time of filing, and thus constitute improper hybrid representation. Attorney Winter, in turn, did not file any post-sentence motions on appellant's behalf, and therefore, the appeal

period was not tolled.[7]  Appellant was sentenced on September 20, 2018, and his counsel of record, Attorney Winter, filed a notice of appeal on his behalf on February 25, 2019 — more than five months later.  Accordingly, we lack jurisdiction over this appeal because appellant's notice of appeal was untimely filed.  Consequently, we lack jurisdiction to review counsel's Anders brief, his petition to withdraw, and the record to determine whether we agree with his assessment that the appeal is wholly frivolous.

---

[7] To the extent that a viable argument could be made that Attorney Winter abandoned appellant during the post-sentence motions phase, we decline to reach such a conclusion.  Despite his plethora of pro se filings in this case, there is no evidence in the record that appellant requested or desired Attorney Winter to file a post-sentence motion on his behalf.  Nor has appellant filed a pro se response to Attorney Winter's withdrawal petition, alleging counsel's ineffectiveness in this regard.

On the contrary, the record is replete with evidence that appellant's primary contention throughout this case is that he was entitled to be appointed private counsel of his choosing, in lieu of counsel from the Beaver County Public Defender's Office.  Appellant repeatedly averred during both his jury trial and post-trial that he "do[es] not wish to be represented by any . . . Public Attorney[.]"  (See pro se letter, 10/5/18 at 1; see also notes of testimony, 5/15/18 at 1-37.)  This is a right that appellant clearly does not possess.  "The right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution. . . . [T]hese constitutional rights entitle an accused to choose at his own cost and expense any lawyer he may desire." Commonwealth v. Prysock, 972 A.2d 539, 542 (Pa.Super. 2009) (citation and internal quotation marks omitted).  "[H]owever . . . the constitutional right to counsel of one's choice is not absolute."  Id. (citation omitted).  "Rather, the right of an accused individual to choose his . . . own counsel . . . must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice.  Commonwealth v. Lucarelli, 971 A.2d 1173, 1178 (Pa. 2009) (citation omitted).  "While an indigent is entitled to free counsel, he is not entitled to free counsel of his own choosing."  Commonwealth v. Cook, 952 A.2d 594, 617 (Pa. 2008) (citation omitted; emphasis added).

Appeal quashed. Petition to withdraw as counsel dismissed as moot.

Judge Shogan joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/01/2020